Jesse J. JETER, Plaintiff—Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 02–35166.

D.C. No. CV–00–00685–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Sept. 25, 2003.

Rehearing Denied Nov. 21, 2003.

Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, Chief Judge, Presiding.

Fletcher Alford, Joel K. Liberson, David Hungerford, Esq., Gordon & Rees, San Francisco, CA, Jesse J. Jeter, pro se, Everett, WA, for Plaintiff–Appellant.

Leisa Wolf, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before ALARCÓN, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Jesse James Jeter appeals from the Social Security Administration's denial of disability benefits. On appeal, he argues that the ALJ erred in two respects. The district court upheld the denial. We affirm.

We review de novo a district court's order affirming the Commissioner's denial of benefits. *Lewis v. Apfel,* 236 F.3d 503, 509 (9th Cir.2001). This Court must affirm if substantial evidence supports the Commissioner's decision and if the Commissioner applied the correct legal standards. *Id.* "Substantial evidence is more than a mere scintilla, but may be less than a preponderance. Substantial evidence is relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion. If the evidence can reasonably support either affirmance or reversal, a court may not substitute its judgment for that of the Commissioner. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities." *Id.* (citations omitted).

■ Jeter contends that the ALJ failed to develop the record fully before disregarding the evidence provided by two physicians who treated him after his insured status expired. Although "[t]he ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (internal quotation marks and citations omitted), there is no indication here that the record was not adequately developed. The ALJ found that the opinions of treating Drs. Kerwin and Lengyel were conclusory, brief, unsupported by clinical findings, and contradicted by prior medical observations and opinions from other treating physicians. *Id.* at 1149. The ALJ's determination is supported by substantial evidence.

■ Jeter also maintains that the ALJ erred in failing to develop the record adequately before making an adverse credibility determination regarding Jeter's statements concerning his impairment. We disagree. "In assessing the claimant's credibility, the ALJ may use ordinary

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in [his] testimony. The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements." *Id.* at 1148 (internal quotation marks and citations omitted). The ALJ did that here, citing Jeter's activities as inconsistent with his claimed level of disability (including his admission of continuing free-lance work while claiming total disability), the limited degree of medical treatment sought by Jeter, the lack of prescription of strong pain medication, and other discrepancies. The finding that Jeter's statements regarding his impairments and their impact on his ability to perform work lacked credibility was supported by substantial evidence.

AFFIRMED.